IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LARRY PAIR,
          Plaintiff,

v.                                                   Civil Action No. 3:15-cv-00776-JAG

PAUL BURROUGHS et al.,
          Defendants.

## OPINION

On March 21, 2014, Prince George County police officers Paul Burroughs, Nick Wilder, James Mann, Chris Bryant, Bobby Carmichael, and Phillip Mayes[1] (collectively, the "Officers") executed a search warrant at the home of the plaintiff, Larry Pair. Pair brings this case under 42 U.S.C. § 1983, claiming the Officers used unreasonable and excessive force to detain him during the search, in violation of his Fourth and Fourteenth Amendment rights. Pair also brings state law claims of gross negligence, assault and battery, and false imprisonment.

The Officers filed a motion for summary judgment, which the Court granted in part and denied in part on November 28, 2016. (Dk. No. 55.) In this Opinion, the Court explains its earlier decision.

In summary, the Court granted summary judgment on some of the § 1983 claims for the following reasons. First, Pair says that Mann and Wilder violated the Fourth Amendment by aiming their guns at him; this claim fails because the display of weapons was a reasonable step to control a potentially dangerous situation. Second, Pair says Mann violated his rights by

---

[1] The Amended Complaint names Officer Mark Gunn as a defendant, but Gunn did not participate in the search. Pair indicated that he would file a motion for voluntary dismissal to remove Gunn from the case. Because Pair has not done so (and has offered no reason why Gunn should remain as a defendant), the Court dismisses Gunn with prejudice.

threatening to kill his dog; this claim does not succeed because mere threats do not violate the Fourth Amendment. Third, he claims the officers violated his rights by how tightly—and how long—the officers handcuffed him; this claim fails because the officers could lawfully handcuff him during the search, and the use of handcuffs without significant injury does not amount to a constitutional violation.

At the same time it granted partial summary judgment on the § 1983 claim, the Court also dismissed Pair's state law claims arising from the same conduct outlined above, because the Officers acted reasonably when they detained Pair.

The Court denied the Officers' motion for summary judgment on several claims it will refer to as the "Physical Contact claims." These consist of allegations that Mann threw Pair to the ground, that Burroughs kneed Pair in the back, and that Wilder stomped on Pair's hand. The parties differ in their version of what happened in these events, and, if accepted as true, Pair's version could state both constitutional and state law violations.

## I. BACKGROUND[2]

The Officers had a warrant to search Pair's home for electronically stored information. The Officers approached their assignment with caution, because they had reason to believe not only that Pair had a bad temper but also that he kept guns at the house. The Officers drove up to Pair's house at high speed and found Pair and his stepson doing chores on the front porch. Mann, carrying a shield and handgun, and Wilder, carrying a rifle, got out of their car, aimed their guns at Pair and his stepson, and yelled for them to get on the ground. Pair did not get on

---

[2] This statement of facts resolves all genuine factual disputes and grants all inferences in favor of Pair, the non-moving party. Needless to say, the Officers have a different version of the events. To prevail at trial, of course, Pair will need to prove his version. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962) (per curiam).

2

the ground but instead stood still with his hands raised. Mann then rushed at Pair and threw him to the ground. Wilder continued to aim his gun at Pair and then stomped on his hand. Burroughs drove his knee into Pair's back while trying to handcuff him. Burroughs then handcuffed Pair behind his back, and the tight cuffs caused pain.

Pair stayed on the porch with Carmichael. The police kept Pair handcuffed for two reasons: he did not get on the ground when told, and they worried that he could use a remote device such as a cell phone to delete the electronically stored information. The tight cuffs caused continuous pain during the search, even after Wilder adjusted them. Eventually, Wilder moved the cuffs to Pair's front, but kept them even tighter than before. The handcuffs made Pair's hands turn purple and caused bruises on his wrists. When Pair threatened to report Mann and Wilder, they took the cuffs off.

In addition, during the search, Mann repeatedly threatened to kill Pair's dog.

## II. DISCUSSION[3]

As noted above, Pair says that the Officers violated his Fourth Amendment rights when: (1) Mann and Wilder aimed their weapons at Pair; (2) Mann repeatedly threatened Pair's dog; (3) Burroughs tightly placed handcuffs on Pair, and Wilder later tightened them; and (4) the Officers, as a group, kept Pair locked in handcuffs for hours during the search. Pair also alleges three Physical Contact Claims under the Fourth Amendment for (1) Mann throwing Pair on the

---

[3] Summary judgment becomes appropriate when the movant establishes that no genuine dispute of any material fact exists and the party is thereby entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). Once the movant satisfies its showing for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S. Ct. 1348 (1986). If a court finds that "reasonable jurors could find a preponderance of the evidence that the plaintiff is entitled to a verdict," the court must deny summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

ground, (2) Burroughs kneeing Pair in the back, and (3) Wilder stomping on Pair's hand.[4] Pair also brings state law claims for gross negligence, assault and battery, and false imprisonment.

### A. Pair's § 1983 claim

Pair's §1983 claim presents a Fourth Amendment issue: whether the officers used reasonable force in seizing him. As a general matter, "officers executing a search warrant for contraband have the authority 'to detain occupants of the premises while a proper search is conducted.'" *Muehler v. Mena*, 544 U.S. 93, 98 (2005) (citing *Michigan v. Summers*, 452 U.S. 692, 705 (1981)). In doing so, however, the police may only use reasonable force. *See Muehler*, 544 U.S. at 98-99 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). To judge the reasonableness of the force used, courts focus on various factors such as the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight (the "*Graham* Factors"). *Graham v. Connor*, 490 U.S. 386, 396 (1989). Rather than viewing officers' actions as discrete events, a court should consider the events in their "full context, with an eye toward the proportionality of the force in light of all the circumstances." *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994).

In determining liability, the Court must also consider the doctrine of qualified immunity. Qualified immunity protects government officials performing discretionary functions to the extent that their conduct "does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (emphasis added). Due to the fact-intensive nature of this inquiry, "summary judgment is

---

[4] Pair also alleges wrongdoing by the Officers for planning a "no-knock" entrance to his house, but this claim fails because the Officers did not conduct a "no-knock" entrance.

4

improper if the legal question of immunity turns on which version of the facts is accepted." *Morelli v. Webster*, 552 F.3d 12, 25 (1st Cir. 2009) (quoting *Griffith v. Coburn*, 473 F.3d 650, 656-57 (6th Cir. 2007)).

These two sets of principles—the Fourth Amendment's requirement of reasonableness and the wider berth provided by qualified immunity—govern Pair's § 1983 claims.

### i. Mann and Wilder aimed their weapons at Pair

Wilder and Mann acted reasonably when they approached Pair with guns displayed and, therefore, did not use excessive force under § 1983. "[A]lthough approaching a suspect with drawn weapons is an extraordinary measure, such a police procedure has been justified in this circuit as a means of neutralizing potential danger to police and innocent bystanders." *Bellotte v. Edwards*, 629 F.3d 415, 425 (4th Cir. 2011) (quoting *U.S. v. Taylor*, 857 F.2d 210, 213 (4th Cir. 1988)) (internal quotations omitted). The police may draw and aim weapons in order to exercise unquestioned command of a situation for the safety of all involved, but they may do so for no longer than necessary. *Yanez-Marquez v. Lynch*, 789 F.3d 434, 472 (4th Cir. 2015) (finding the use of firearms reasonable against the pregnant plaintiff in a home thought to be harboring undocumented immigrants).[5] In this case, Mann and Wilder found Pair on his front porch as they arrived. Even though they did not see any weapons, they had information that Pair owned guns and had potential anger issues; this information made it reasonable for them to aim their weapons at Pair until they gained control over the situation. Mann and Wilder stopped aiming their weapons at Pair after they handcuffed him, and therefore used the tactic only for as long as

---

[5] *See also Unus v. Kane*, 565 F.3d 103, 118-19 (4th Cir. 2009) (holding that police reasonably used firearms during the search of a home of a suspected terrorist sympathizer after forcibly entering and encountering two unknown suspects, one with a telephone in her hand).

needed. In light of all of the facts, the Officers acted reasonably. The Court grants summary judgment on this claim.

### ii. Mann repeatedly threatened Pair's dog

Mere threats to kill someone, without more, do not violate the Fourth Amendment. Since this rule applies to threats to kill a person, it undoubtedly also applies to threats to kill a dog.[6] *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (determining that continued threats by officers to kill the plaintiff "fail by themselves to state a constitutional claim cognizable under § 1983").[7] Pair cannot maintain an excessive force claim against Mann for threats against Pair's dog, and the Court grants summary judgment on this claim.

### iii. Burroughs tightly secured Pair's handcuffs and Wilder later tightened them

Pair's claims about tight handcuffs fail because detention in tight handcuffs does not amount to excessive force without a showing of significant physical harm.[8] Pair has no evidence of significant or lasting harm and merely claims that the handcuffs caused pain, bruises, and discoloration. Even assuming that the tight handcuffs *did* violate Pair's constitutional rights,

---

[6] The Court does not intend in this analysis to understate the value of dogs, and takes judicial notice that canines are, in general, simply marvelous.

[7] Although the Fourth Circuit has not ruled on the issue, other courts around the country have come to the same conclusion. *See Widner v. Aguilar*, 398 F. App'x 976, 979 (5th Cir. 2010) ("[M]ere threatening language does *not* amount to a constitutional violation, giving rise to liability for an action pursuant to § 1983."); *Snoussi v. Bivona*, No. 05–CV–3133, 2008 WL 3992157, at *6 (E.D.N.Y. Aug. 22, 2008) (determining that even if a threat could "constitute excessive force in violation of the Fourth Amendment . . . the very uncertainty surrounding this question entitles the defendant[s] to qualified immunity").

[8] *See Cunningham v. Ruffin*, No. 1:15cv1650, 2016 WL 6396015, at *5 (E.D. Va. Oct. 26, 2016) (O'Grady, J.); *Deavers v. Vasquez*, 57 F. Supp. 3d 599, 608 (E.D. Va. 2014) (granting summary judgment because the plaintiff failed to show significant physical injury by presenting four unauthenticated photographs of bruising and claiming that it re-aggravated her rotator cuff injuries); *Cooper v. City of Virginia Beach*, 817 F. Supp. 1310, 1319 (E.D. Va. Apr. 8, 1993), *aff'd*, 21 F.3d 421 (4th Cir. 1994) (granting summary judgment because, although the tight handcuffs caused numbness, the plaintiff neither alleged nor offered proof of lasting or serious injury as a result).

qualified immunity protects Burroughs and Wilder because "neither the United States Supreme Court, nor the Fourth Circuit have squarely addressed whether unduly tight or forceful handcuffing alone absent significant injury constitutes excessive force." *Deavers v. Vasquez*, 57 F. Supp. 3d 599, 609 (E.D. Va. Nov. 5, 2014). Because the right is not clearly established, the Officers could have reasonably believed that they acted lawfully. *See Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991). The Court grants summary judgment on this claim.

### iv. *The Officers kept Pair in handcuffs for too long during the search*

The Officers acted reasonably and within their discretion to keep Pair handcuffed during the search. "[A] determination of the permissible time during which an occupant of a searched premises may be detained in handcuffs requires the authorities to objectively balance the interests of safety and orderly execution of a warrant against the occupants' interests in not being restrained in handcuffs." *Unus*, 565 F.3d at 120 (determining that police acted reasonably in using handcuffs for four hours while searching for financial documents because it was a terrorism-related warrant and the plaintiffs were agitated). In this case, the Officers decided to keep Pair in handcuffs to protect the safety of the Officers and any bystanders while they searched his home. They also worried that Pair could use a remote device to delete the electronically stored information sought in the search warrant. Moreover, in response to Pair's complaints, the Officers moved Pair's handcuffs from behind his back to in front of him, and then eventually removed them. In light of all of the events, the Officers acted reasonably and within their discretion. The Court grants summary judgment on this claim.

### v. *The Physical Contact Claims*

Material factual disputes exist about the Physical Contact Claims. As stated above, the Physical Contact Claims include Mann throwing Pair to the ground, Burroughs kneeing Pair in

7

the back, and Wilder stomping on Pair's hand. The Court looks at these actions in their "full context, with an eye toward the proportionality of the force in light of all the circumstances." *Rowland*, 41 F.3d at 173. Depending on the evidence at trial, a jury could find these officers, or some of them, liable. For instance, in *Smith v. Ray*, a male officer threw a compliant woman, suspected of a non-violent misdemeanor, to the ground and slammed his full weight on her back. 781 F.3d 95, 102-103 (4th Cir. 2015). The court determined that the *Graham* Factors weighed heavily against the officer and found the officer's actions clearly unreasonable in light of the court's previous decision in *Rowland*. *Id.*

Viewing all inferences and disputed facts in the light most favorable to Pair, a jury could find some or all of the Officers liable. First, the officers suspected Pair of a non-violent sexual felony. When the officers arrived, the officers had a clear view of Pair on his porch with his stepson doing chores. Pair had no visible weapons on his person and the Officers, who heavily outnumbered Pair, kept their guns aimed at him. In response to the Officers' arrival, Pair did not act menacingly or try to run. Rather, he stood still with his arms in the air. The jury must determine a number of disputed facts including how much force the officers used when they brought Pair to the ground, kneed him in the back, and stomped on his hand. Qualified immunity does not preclude recovery at this stage of the case because the "legal question of immunity turns on which version of the facts is accepted." *Morelli v. Webster*, 552 F.3d 12, 25 (1st Cir. 2009).

### B. <u>Pair's state law claims</u>

*i. Gross negligence*

Pair's state law claim of gross negligence can survive summary judgment on his Physical Contact Claims, but fails as to the rest of the Officers' conduct.

8

Virginia law defines gross negligence as the "degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. It is a heedless and palpable violation of legal duty respecting the rights of others. Gross negligence amounts to the absence of slight diligence, or the want of even scant care." *Frazier v. City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987) (citations omitted). Generally, this is an issue of fact, but if "persons of reasonable minds could not differ upon the conclusion that such negligence has not been established, it is the court's duty to so rule." *Id.* Further, the "cumulative effect of several acts when taken and considered together under the facts and circumstances" may amount to gross negligence. *Milstead v. Kibler*, 91 F. Supp. 2d 895, 902 (W.D. Va. 2000), *aff'd*, 243 F.3d 157 (4th Cir. 2001).

Mindful of the possible cumulative nature of officers' actions, the Court finds that certain actions taken by the Officers do not constitute gross negligence. First, the Court already determined the reasonableness of (1) Mann and Wilder's decision to aim their weapons at Pair and (2) the decision by all Officers to keep Pair in handcuffs for the duration of the search. This reasonable conduct does not show an utter disregard for Pair's safety. Next, Mann's threats to kill Pair's dog do not "amount to complete neglect for [Pair's] safety." *McLenagan v. Karnes*, 27 F.3d 1002, 1009 (4th Cir. 1994). Pair's claims against Burroughs and Wilder for tight handcuffs also fail because the Court has determined that these officers acted reasonably.[9] These claims fail to show gross negligence.

---

[9] Even if Burroughs and Wilder acted unreasonably, however, Pair does not indicate that he suffered any injury, and such facts do not show an "absence of slight diligence, or the want of even scant care." *Id.* Further, the facts show that Wilder adjusted Pair's handcuffs twice before removing them and that no injury other than bruising resulted from their tightness.

9

Pair says his Physical Contact Claims amount to gross negligence. It is difficult to see how these actions amount to any species of negligence; rather, they appear to be either intentional torts or nothing at all. At this point, however, the Court will grant the plaintiff the almost theoretical benefit of the doubt that a jury could find this conduct grossly negligent, and deny the motion for summary judgment as to these claims.

### ii. False imprisonment

Virginia law defines false imprisonment as "'the direct restraint by one person of the physical liberty of another without adequate legal justification.'" *Unus*, 565 F.3d at 117 (quoting *Figg v. Schroeder*, 312 F.3d 625, 637 (4th Cir. 2002)). A warrant to search, however, carries with it a limited authority to detain the occupants on the premises using reasonable force, and the Court has already found that the Officers acted reasonably in restraining Pair. *Id.* at 119-20. Pair's false imprisonment claim, therefore, fails.

### iii. Assault and battery

As with gross negligence, Pair's state law claims of assault and battery survive as to his Physical Contact Claims against Mann, Burroughs, and Wilder, but fail as to the rest of the Officers' conduct.

Virginia law defines a battery as "an unwanted touching which is neither consented to, excused, nor justified," and an assault as "an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) (quoting *Koffman v. Garnett*, 265 Va. 12, 16, 574 S.E.2d 258, 261 (2003)). A legal justification for the action in question defeats an assault claim and a battery claim. *Id.* Officers in Virginia are "legally justified in using reasonable force to execute their lawful

duties." *Unus*, 565 F.3d 103, at 117 (citing *Pike v. Eubank*, 197 Va. 692, 698, 90 S.E.2d 821, 825 (1956)). The analysis, then, becomes whether the officers acted reasonably in light of the circumstances "within the meaning of the Fourth Amendment to the United States Constitution and Article I, § 10 of the Constitution of Virginia." *Id.* (citing *Lewis v. Commonwealth*, 26 Va. App. 113, 493 S.E.2d 397, 399 (1997)).

This Court already determined that the Officers acted reasonably when they aimed their weapons at Pair, placed him in tight handcuffs, and kept him in handcuffs for four hours. This reasonable, justified conduct does not amount to assault and battery. Further, Pair cannot maintain an action for assault or battery against Mann for threats to kill his dog, because this conduct did not involve an unwanted touching as required by Virginia's battery law or involve apprehension of "contact with another person" under Virginia's assault law. *See Koffman*, 265 Va. 12 at 16, 574 S.E.2d at 261 (2003). The Court grants summary judgment on these claims.

Pair's suit for assault and battery survives summary judgment for his Physical Contact Claims against Burroughs, Mann, and Wilder because the jury's finding of facts could demonstrate that these officers used unreasonable force against Pair, which could leave them liable for assault and battery under Virginia law.

### III. <u>CONCLUSION</u>

For the reasons stated in this Opinion, this case shall proceed only against officers Burroughs, Wilder, and Mann on the following counts, and only as they relate to the Physical Contact Claims: (1) Count I for violations of § 1983; (2) Count II for Assault and Battery; and (3) Count III for gross negligence.

The Court will enter an appropriate Order supplementing the original Order of November 28, 2016.

11

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: <u>December 9, 2016</u>
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge